**Detroy L. LIVINGSTON,**
**Plaintiff–Appellant,**

v.

**James E. SANTOS, Richard C. Morse,**
**David O. Knapp, and James K.**
**Moss, Defendants–Appellees.**

No. 00–0094.

United States Court of Appeals,
Second Circuit.

Feb. 14, 2001.

Detroy Livingston, Attica, NY, pro se.

Martin A. Hotvet, Assistant Solicitor General, State of New York, Albany, NY; Eliot Spitzer, Attorney General, Daniel Smirlock, Deputy Solicitor General, on the brief, for appellees.

Present JACOBS, CALABRESI and SOTOMAYOR, Circuit JJ.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Detroy Livingston, incarcerated and *pro se*, appeals from a judgment entered by the United States District Court for the Western District of New York (Feldman, *M.J.*), following a jury verdict in favor of defendants James Santos, David Knapp, James Moss, and Richard Morse. Livingston sued defendants under 42 U.S.C. § 1983, claiming that they violated his Eighth Amendment rights.

### I.

Livingston's claims for relief were based on an October 1993 incident at the Southport Correctional Facility. At the time, Livingston was housed in the prison's Special Housing Unit, a segregated area within the prison. Defendants were correctional officers assigned to the unit. To protest the defendants' refusal to provide him with toothpaste, Livingston lodged one of his slippers into his cell's "feed-hatch," preventing the hatch from closing. Livingston alleged that the defendants forced the hatch closed by stabbing him with a knife and beating him with a baton.

At trial, Livingston was represented by appointed counsel and introduced a videotape of the incident as evidence. The jury returned a special verdict finding that none of the defendants had violated Livingston's Eighth Amendment rights.

### II.

On appeal *pro se*, Livingston argues that: (1) the trial judge erroneously denied a pre-trial motion for sanctions; (2) the trial judge terminated discovery prematurely; (3) the trial judge erroneously refused to appoint an expert to testify for him; (4) the jury verdict form was prejudicial; and (5) his appointed counsel was constitutionally ineffective.

We review a trial court's decisions on sanctions and the scheduling of discovery for abuse of discretion. *See Reilly v. Natwest Markets Group Inc.,* 181 F.3d 253, 270 (2d Cir.1999) (sanctions); *B.F. Goodrich v. Betkoski,* 99 F.3d 505, 523 (2d Cir.1996) (scheduling discovery). Livingston's sanctions motion was based on his allegation that defendants had tampered with the videotape of the incident. After investigating the allegation, the trial judge found that no tampering had occurred. Because this finding is not clearly erroneous, the court did not abuse its discretion in refusing to impose sanctions.

Livingston's challenge to the court's management of discovery also fails. Although Livingston believes that the court terminated discovery too soon, the record reveals that the discovery period in this single-incident case lasted for over

four years. Moreover, Livingston waived this claim by failing to move in the trial court for additional discovery time. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (federal appellate courts generally do not consider "an issue not passed upon below"). As for the district court's refusal to appoint an expert to testify on Livingston's behalf, we affirm for substantially the reasons stated in the trial judge's decision and order of September 9, 1997.

█ Because Livingston failed to challenge the jury verdict form at trial, we review his objections to it for plain error. *See* Fed.R.Civ.Pro. 49(a), 51; *Romano v. Howarth,* 998 F.2d 101, 103 (2d Cir.1993). Livingston principally contends that the form minimized his claim of excessive force because it "separated and divided" the elements of the alleged incident. The form is not plainly erroneous. It merely sought specificity as to each defendant's role in the incident.

█ Finally, Livingston's ineffective assistance of counsel argument fails because there is no constitutional right to the assistance of counsel in civil cases. *See United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.